# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

CSX Transportation, Inc.
500 Water Street
Jacksonville, FL 32202

                Plaintiff,

     v.

Spiniello Global, Inc.
354 Eisenhower Parkway
Livingston, NJ 07039

Spiniello Companies, Inc. a/k/a Spiniello Companies
35 Airport Road
P.O. Box 1968
Morristown, NJ 07960

        s/o Cogency Global Inc
        1519 York Road
        Lutherville, MD 21093
        Resident Agent

and

Mayor and City Council of Baltimore
204 City Hall
100 N. Holliday Street
Baltimore, MD 21202

        s/o Andre M. Davis, City Solicitor
        100 N. Holliday Street
        Suite 101 City Hall
        Baltimore, MD 21202

              Defendants.

**CASE NO**:

## COMPLAINT

Plaintiff CSX Transportation, Inc., by and through its attorneys, files this Complaint against defendants, Spiniello Global, Inc., Spiniello Companies, Inc. a/k/a Spiniello Companies, and Mayor and City Council of Baltimore, and in support thereof, avers as follows:

## PARTIES

1.      Plaintiff, CSX Transportation, Inc. ("CSX") is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business in Jacksonville, Florida.

2.      Defendant, Spiniello Global, Inc. is a corporation organized under the laws of the state of Delaware, with its principal place of business in Livingston, New Jersey.

3.      Defendant, Spiniello Companies, Inc. a/k/a Spiniello Companies (collectively with Spiniello Global, Inc., "Spiniello") is a corporation organized under the laws of the state of California, with its principal place of business in Livingston, New Jersey.

4.      Defendant, Mayor and City Council of Baltimore, is a municipal corporation organized pursuant to the Maryland Constitution, and operates an agency known as the Department of Public Works ("DPW"), located at 100 N. Holliday St., Baltimore, MD 21202. The Mayor and City Council of Baltimore are hereinafter collectively referred to as the "City".

## JURISDICTION

5.      Jurisdiction is based upon 28 U.S.C. § 1332 as plaintiff and defendants are citizens of different states, and the amount at issue exceeds jurisdictional requirements.

## VENUE

6.      Venue properly lies in this district pursuant to 28 USC § 1391(b) because, at all times relevant to this matter, Defendants did or do business in this judicial district, are subject to

personal jurisdiction here, and a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in this judicial district.

## PREDICATE FACTS

### First Incident Requiring Environmental Remediation

7.      CSX owns and operates the Curtis Bay Coal Terminal located at 1910 Benhill Ave., Baltimore, MD 21226 (the "Facility").

8.      The Facility is equipped with a water filtration system that includes water tanks, filters, and basins. The filtration system filters coal dust, but the system is not designed to, and cannot, filter raw sewage substances.

9.      The DPW is responsible for supporting the health, environment, and economy of the City and the surrounding region by providing safe drinking water, and keeping neighborhoods and waterways clean.

10.     The DPW's Bureau of Water and Wastewater is responsible for producing and transporting clean drinking water, collecting, and treating wastewater while performing any associated maintenance functions.

11.     The DPW's Office of Asset Management is responsible for optimizing the service life of the City's sewer and water linear infrastructure by developing and implementing proactive inspection and maintenance programs.

12.     Due to the City's aging and poorly maintained sewer and water linear infrastructure, manhole overflows containing raw sewage, which is a hazardous substance posing a threat to the safety and well-being of both person and property, is a common occurrence.

13.     On or about July 31, 2017, a manhole cover overflowed and released raw sewage onto the Facility near milepost BAO 8.00 (the "First Incident").

14.     As a result of the First Incident, raw sewage spread through the Facility, contaminating the Facility, including the water filtration system.

15.     The First Incident was a result of the City's failure to properly inspect and maintain its sewer and water linear infrastructure and/or to take adequate measures to ensure raw sewage would not discharge as a result of manhole overflows throughout the City of Baltimore, including at the Facility.

16.     As a result of the First Incident, all affected water and solids were required to be recovered, disposed of, and/or recycled.

17.     In addition, all Facility equipment, adjacent ponds, and any surfaces which came into contact with the raw sewage required decontamination.

18.     CSX was required to engage outside contractors to assist with the response and remediation efforts, and incurred significant costs remediating the Incident, which totaled $497,307.23.

19.     On May 25, 2018, CSX submitted a Notice of Claim to the City regarding the First Incident, demanding reimbursement for the costs CSX incurred as a result of the discharge of raw sewage into the Facility.

20.     On January 22, 2019, the City denied CSX's claim and/or refused to pay for damages related to the First Incident.

### Second Incident Requiring Environmental Remediation

21.     CSX incorporates all prior paragraphs as if set forth at length herein.

22.     Given the history and condition of the aging sewer and water linear infrastructure, the City's sewer system and sewer lines, including sewer lines located adjacent to, underneath or

within the property boundaries of the Facility, were in need of maintenance, remediation and repair.

23.     The City engaged Spiniello to perform maintenance on the City's aging sewer system, to conduct inspections, excavate and replace segments of sanitary sewers, to install new manhole covers, and repair aging manhole covers, and to perform sewer house connection repairs and rehabilitation work.

24.     A majority of the services Spiniello was to perform required its employees to encounter, handle, and/or dispose of raw sewage located within the sewer lines that were being remediated including those located at or beneath the Facility.

25.     Both the City and Spiniello were on notice or knew, or reasonably should have known, that the sewer lines contained raw sewage, and it was, or should have been, reasonably foreseeable to the City and Spiniello that raw sewage posed a threat to individuals and property if not properly handled and/or disposed of during remediation and repair of the City's sewer lines.

26.     Both the City and Spiniello were on notice or knew, or reasonably should have known, that if the raw sewage was not properly handled or disposed of, it could contaminate surrounding properties, such as the Facility, resulting in damage to such property and the need for remediation.

27.     The City and/or Spiniello were responsible for properly disposing any raw sewage that was removed from the sewer system by taking it off site and to a location equipped to handle the disposal of such substances. In no event was the raw sewage to be disposed of at the Facility or in the water filtration system located at the Facility.

28.     On July 28, 2014, CSX and the City, acting by and through the DPW, entered into a right of entry agreement, which granted the City and its agents and/or contractors a limited right

to access the Facility for the purposes of performing work associated with the repair of the City's

aging sewer system, subject to the terms and conditions of the agreement (the "Agreement").

29.     Pursuant to the terms of the Agreement, the City was responsible for the inspection,

maintenance, repair, and replacement of existing manholes and pipe facilities located within and/or

near the Facility.

30.     Pursuant to the terms of the Agreement, the City also agreed to indemnify CSX and

to protect CSX's interests, including paying for any damage to CSX's property arising from the

City's and/or its agent's operations related to the maintenance and repair of the City's aging sewer

system.

31.      On October 12, 2018, Spiniello, acting on behalf of the City, was caught

improperly dumping and/or disposing of raw sewage into a drain that feeds into the water filtration

system at the Facility (the "Second Incident").

32.     The improper dumping and/or disposing of the raw sewage was performed without

CSX's knowledge or consent and was in violation of safe and acceptable practices regarding the

disposal of such substances.

33.     At all relevant times, Spiniello was acting as the employee, workmen, servant,

agent, and/or ostensible agent of the City.

34.     At all relevant times, the City and/or Spiniello was the employer, principal, and/or

statutory employer of the individuals caught dumping the raw sewage and/or releasing the raw

sewage into the filtration system at the Facility.

35.     At the time of the Second Incident, Spiniello was providing services on behalf of

and/or for the benefit of the City.

36.     As a result of the Second Incident, raw sewage spread throughout the Facility, contaminating the Facility, including coal stored at the facility and the Facility's water filtration system, which is not designed to and cannot filter or treat raw sewage substances.

37.     The Second Incident was a result of the City's and Spiniello's failures to properly supervise its agents and/or employees, to ensure the proper handling and/or disposal of raw sewage, and/or to take adequate measures to ensure raw sewage would not be improperly handled, disposed of and/or discharge as a result of the work that Spiniello and the City were performing on the sewer lines at the Facility.

38.     As a result of the Second Incident, all affected water and solids were required to be recovered, disposed of, and/or recycled.

39.     In addition, all Facility equipment that came into contact with the raw sewage Spiniello improperly dumped and/or released required decontamination, including the coal stored at the facility, the water filtration system and its components and any contaminated surfaces.

40.     As a result of the Second Incident, CSX was required to engage outside contractors to assist with the response and remediation efforts, and incurred significant costs remediating the Second Incident, which totaled an amount not less than $1,800,000.00.

41.     On July 31, 2019, CSX submitted a Notice of Claim to the City regarding the Second Incident.

## **CAUSES OF ACTION**

### **COUNT I – Against the City for The First Incident**
**(Negligence - Maryland Local Government Tort Claims Act)**

42.     CSX incorporates all preceding paragraphs as if fully set forth at length herein.

43.     The City, through the DPW, is responsible for properly inspecting and/or maintaining the City's sewer and water linear infrastructure system which overflowed and caused damage resulting in the spread of raw sewage.

44.     The City owed a duty of care to property owners, such as CSX, to properly inspect, maintain, and/or take adequate measures to prevent the discharge of raw sewage so as not to cause damage to property.

45.     Upon information and belief, at the time of the First Incident the City's sewer and water linear infrastructure system was aged, in a state of disrepair, in need of maintenance and, as a result, it is well-known that manhole overflows often occur containing raw sewage substances.

46.     The City was negligent in failing to properly inspect, maintain, and/or take any adequate measures to prevent its sewer system from falling into a state of disrepair and/or from causing manhole overflows to occur.

47.     The well-known history of overflows containing raw sewage in the City of Baltimore and/or the poor condition of the sewer system placed or should have placed the City on notice of the need for immediate repairs and/or preventative maintenance to prevent overflows from occurring.

48.     Given the history and condition of the aging sewer and water linear infrastructure, the well-known history of manhole overflows containing raw sewage substances, it was, or should have been, reasonably foreseeable to the City that a manhole overflow containing raw sewage substances could contaminate surrounding properties.

49.     Before the Incident, the City could have, or should have, adequately inspected, maintained, and made preventative and/or necessary repairs to the dangerous conditions of the defective sewer and water linear infrastructure. The City also should have known, based upon its

own records and/or the DPW's records, numerous prior overflow events and the general condition of the system, that the sewer and water linear infrastructure at issue was approaching the end of and/or past its expected useful life, and the City should have made arrangements to take steps to prevent manhole overflows containing raw sewage substances, which would damage and/or contaminate property.

50.     The City had a duty to inspect, maintain, take preventative measures, repair and/or replace parts of the sewer and water linear infrastructure, but negligently failed to do so near the Facility such that dangerous conditions remained.

51.     The City's failure to adequately inspect, maintain, take preventative measures, remove blockages, repair and/or replace parts of the sewer and water linear infrastructure constituted negligence and directly and proximately caused the First Incident.

52.     As a direct and proximate cause of the City's failures, the First Incident occurred and CSX sustained damages in the amount of $497,307.23.

53.     On May 25, 2018, CSX submitted a Notice of Claim to the City regarding the First Incident, demanding reimbursement for the costs CSX incurred as a result of the discharge of raw sewage into the Facility.

54.     On January 22, 2019, the City denied CSX's claim and/or refused to pay for damages related to the First Incident.

**WHEREFORE**, Plaintiff CSX Transportation, Inc., respectfully demands that judgment be entered in its favor and against Defendant, Mayor and City Council of Baltimore, in the amount of $497,307.23, plus applicable finance charges, late fees, costs, and attorneys' fees which continue to accrue, together with any such other relief as the Court deems just and proper.

## COUNT II –Against the City for The First Incident
### (Trespass - Maryland Local Government Tort Claims Act)

55.     CSX incorporates all preceding paragraphs as if fully set forth at length herein.

56.     The release and spread of raw sewage substances from the manhole overflow onto the Facility following the First Incident substantially interfered with CSX's possessory interests.

57.     The release and spread of raw sewage substances onto CSX's property was caused by the negligent acts, failures and/or omissions of the City as listed above.

58.     The release and spread of raw sewage onto CSX's property was done without CSX's consent.

59.     As a direct and proximate result, CSX was damaged in an amount not less than $497,307.23.

**WHEREFORE**, Plaintiff CSX Transportation, Inc., respectfully demands that judgment be entered in its favor and against Defendant, Mayor and City Council of Baltimore, in the amount of $497,307.23, plus applicable finance charges, late fees, costs, and attorneys' fees which continue to accrue, together with any such other relief as the Court deems just and proper.

## COUNT III–Against the City for The First Incident
### (Nuisance – Maryland Local Government Tort Claims Act)

60.     CSX incorporates all preceding paragraphs as if fully set forth at length herein.

61.     The release and spread of raw sewage from the manhole overflow onto the Facility following the First Incident substantially interfered with CSX's right to occupy and use its property.

62.     The release and spread of raw sewage onto CSX's property was unreasonable and without CSX's consent. The release and spread of raw sewage onto CSX's property was caused by the negligent failures and/or omissions of the City as listed above.

10

63.     As a direct and proximate result, CSX was damaged in an amount not less than $497,307.23.

**WHEREFORE**, Plaintiff CSX Transportation, Inc., respectfully demands that judgment be entered in its favor and against Defendant, Mayor and City Council of Baltimore, in the amount of $497,307.23, plus applicable finance charges, late fees, costs, and attorneys' fees which continue to accrue, together with any such other relief as the Court deems just and proper.

<u>COUNT IV – Against the City for the Second Incident</u>
**(Breach of Contract)**

64.     CSX incorporates all preceding paragraphs as if fully set forth at length herein.

65.     The Agreement required any work the City performed or had performed on its behalf with respect to its sewer lines would be done so at the entire cost and expense of the City and in such a manner as to avoid damage. The Agreement also required that the work be performed in a satisfactory manner.

66.     Pursuant to the terms of the Agreement, upon completion of the work being performed by Spiniello on behalf of the City, CSX's property was to be left in a condition similar to the condition that existed prior to any work performed by the City's agents and/or contractors.

67.     In addition, pursuant to the terms of the Agreement, the City and/or the City's agents were required to notify CSX promptly of any damage arising out of or in connection with the work being performed by Spiniello on behalf of the City.

68.     In breach of the Agreement, the work performed on the sewer lines caused damages to CSX's property, was not performed in a satisfactory manner, resulted in CSX incurring significant costs/damages, and ultimately failed to leave the property in the condition it was in prior to the commencement of the work as required by the Agreement.

69.     Furthermore, City failed to notify CSX as per the terms of the Agreement of the damages and CSX only became aware of such damages when CSX personnel witnessed the improper dumping of raw sewage at the Facility.

70.     As a direct and proximate cause of the City's breach of the Agreement, CSX was required to engage outside contractors to assist with the response and remediation efforts, and incurred significant costs remediating the Second Incident, which totaled an amount not less than $1,800,000.00.

**WHEREFORE**, Plaintiff CSX Transportation, Inc., respectfully demands that judgment be entered in its favor and against Defendant, Mayor and City Council of Baltimore, in an amount not less than $1,800,000.00, plus applicable finance charges, late fees, costs, and attorneys' fees which continue to accrue, together with any such other relief as the Court deems just and proper.

## COUNT V – Against the City for the Second Incident
### (Indemnification)

71.     CSX incorporates all preceding paragraphs as if fully set forth at length herein.

72.     Pursuant to the terms of the Agreement, the City agreed to hold CSX harmless from and against all claims, demands, payments, suits, actions, judgments, settlements, and damages of every nature, degree, and kind, for the loss or damage to any of CSX's property whatsoever, arising directly or indirectly from the negligence, recklessness, or intentional wrongful misconduct of the City's agents, and their respective employees.

73.     As discussed more fully above, the Second Incident resulted in damage to the Facility and occurred due to the negligence of the City, and/or its respective agents, employees, invitees, and/or contractors, in the performance of work in connection with the repair of the City's aging sewer system, and/or from the presence of the City's agents on or about CSX's property.

74.     As a direct and proximate result of the acts and/or omissions of the City and/or its respective agents, employees, invitees, and/or contractor, the Facility was damaged and needed to be repaired.

75.     CSX incurred costs and made payments associated with remediation efforts and repairs arising from the Second Incident in an amount not less than $1,800,000.00. CSX incurred these costs as the direct and proximate result of the negligent, intentional and/or reckless acts of the City and/or its Agents as discussed above.

**WHEREFORE**, Plaintiff CSX Transportation, Inc., respectfully demands that judgment be entered in its favor and against Defendant, the Mayor and City Council of Baltimore, in an amount not less than $1,800,000.00, plus applicable finance charges, late fees, costs, and attorneys' fees which continue to accrue, together with any such other relief as the Court deems just and proper.

### COUNT VI – Against the City for the Second Incident
### (Negligence (In the Alternative))

76.     CSX incorporates all preceding paragraphs as if fully set forth at length herein with the exception of paragraphs 64 – 75.

77.     The City owed a duty of care to CSX to ensure that the remediation and repair of its sewer lines, including the handling and disposal of raw sewage, was performed in a safe manner to avoid damage to or contamination of adjacent property including the Facility.

78.     The City breached its duty by failing to ensure that any raw sewage that required disposal as a result of the work performed on its sewer system was properly disposed of and/or handled.

79.     The City owed a duty of care to CSX to ensure and/or to oversee the proper handling and/or disposal of raw sewage in conjunction with the work its agent, Spiniello, and/or its

employees or contractor(s)s were performing on behalf of the City, and to take measures to prevent the discharge of raw sewage so as not to cause damage to adjacent property including the Facility.

80.     The City also had a duty to adequately instruct, supervise, inspect and/or taken adequate and/or necessary measures to ensure that raw sewage removed from the sewer system either by itself or its agents was properly handled and/or disposed of, but failed to do so in breach of its duty.

81.     The City's breach of its duties with respect to the proper and safe remediation of its sewer lines and disposal of raw sewage constituted negligence and directly and proximately caused the Second Incident and damage to CSX's property.

82.     As a direct and proximate cause of the City's failures, the Second Incident occurred and CSX sustained damages in the amount not less than $1,800,000.00.

**WHEREFORE**, Plaintiff CSX Transportation, Inc., respectfully demands that judgment be entered in its favor and against Defendant, the Mayor and City Council of Baltimore, in an amount not less than $1,800,000.00, plus applicable finance charges, late fees, costs, and attorneys' fees which continue to accrue, together with any such other relief as the Court deems just and proper.

### COUNT VII – Against the City for the Second Incident
### (Trespass (In the Alternative))

83.     CSX incorporates all preceding paragraphs as if fully set forth at length herein with the exception of paragraphs 64 – 75.

84.     The release and spread of raw sewage into the Facility's water filtration system and onto the Facility as a result of the Second Incident substantially interfered with CSX's possessory interests.

85.     The release and spread of raw sewage into the Facility's water filtration system and onto the Facility was caused by the negligent acts and/or omissions of the City as listed above.

86.     The release and spread of raw sewage onto CSX's property was done without CSX's consent.

87.     As a direct and proximate result, CSX was damaged in an amount not less than $1,800,000.00.

**WHEREFORE**, Plaintiff CSX Transportation, Inc., respectfully demands that judgment be entered in its favor and against Defendant, the Mayor and City Council of Baltimore, in an amount not less than $1,800,000.00, plus applicable finance charges, late fees, costs, and attorneys' fees which continue to accrue, together with any such other relief as the Court deems just and proper.

### COUNT VIII – Against the City for the Second Incident
### (Nuisance (In the Alternative))

88.     CSX incorporates all preceding paragraphs as if fully set forth at length herein with the exception of paragraphs 64 – 75.

89.     The release and spread of raw sewage into the Facility's water filtration system following the Second Incident substantially interfered with CSX's right to occupy and use its property.

90.     The release and spread of raw sewage onto CSX's property was unreasonable and without CSX's consent.

91.     The release and spread of raw sewage into the Facility's water filtration system and onto CSX's property was caused by the negligent acts and/or omissions of the City as listed above.

92.     As a direct and proximate result, CSX was damaged in an amount not less than $1,800,000.00.

**WHEREFORE**, Plaintiff CSX Transportation, Inc., respectfully demands that judgment be entered in its favor and against Defendant, the Mayor and City Council of Baltimore, in an amount not less than $1,800,000.00, plus applicable finance charges, late fees, costs, and attorneys' fees which continue to accrue, together with any such other relief as the Court deems just and proper.

**COUNT IX – Against Spiniello for the Second Incident**
**(Negligence)**

93.     CSX incorporates all preceding paragraphs as if fully set forth at length herein with the exception of paragraphs 64 – 75.

94.     Spiniello owed a duty of care to property owners, such as CSX, to ensure and/or to oversee the proper handling or disposal of raw sewage in conjunction with the work Spiniello was performing, and to take measures to prevent the discharge of raw sewage while handling and/or disposing of the sewage in conjunction with its work.

95.     In breach of its duty, Spiniello failed to properly handle or dispose of the raw sewage it removed from the sewer lines, and failed to properly supervise its employees, and/or take adequate measures to prevent the spread of and/or improper disposal of raw sewage.

96.     Spiniello's failure to adequately supervise and/or take adequate measures to ensure its employees were properly handling and/or disposing raw sewage constituted negligence and directly and proximately caused the Second Incident and damage to CSX's property.

97.     As a direct and proximate cause of the City and Spiniello's failures, the Second Incident occurred and CSX sustained damages in the amount not less than $1,800,000.00.

**WHEREFORE**, Plaintiff CSX Transportation, Inc., respectfully demands that judgment be entered in its favor and against Defendant, Spiniello Global, Inc., in an amount not less than

$1,800,000.00, plus applicable finance charges, late fees, costs, and attorney's fees which continue to accrue, together with any such other relief as the Court deems just and proper.

### COUNT X – Against Spiniello for the Second Incident
### (Trespass)

98.     CSX incorporates all preceding paragraphs as if fully set forth at length herein with the exception of paragraphs 64 – 75.

99.     The release and spread of raw sewage into the Facility's water filtration system and onto the Facility as a result of the Second Incident substantially interfered with CSX's possessory interests.

100.    The release and spread of raw sewage into the Facility's water filtration system and onto the Facility was caused by the negligent acts, failures and/or omissions of Spiniello as listed above.

101.    The release and spread of raw sewage onto CSX's property was done without CSX's consent.

102.    As a direct and proximate result, CSX was damaged in an amount not less than $1,800,000.00.

**WHEREFORE**, Plaintiff CSX Transportation, Inc., respectfully demands that judgment be entered in its favor and against Defendant, Spiniello Global, Inc., in an amount not less than $1,800,000.00, plus applicable finance charges, late fees, costs, and attorneys' fees which continue to accrue, together with any such other relief as the Court deems just and proper.

### COUNT XI – Against Spiniello for the Second Incident
### (Nuisance)

103.    CSX incorporates all preceding paragraphs as if fully set forth at length herein with the exception of paragraphs 64 – 75.

104.     The release and spread of raw sewage into the Facility's water filtration system following the Second Incident substantially interfered with CSX's right to occupy and use its property.

105.     The release and spread of raw sewage onto CSX's property was unreasonable and without CSX's consent.

106.     The release and spread of raw sewage into the Facility's water filtration system and onto CSX's property was caused by the negligent acts and/or omissions of Spiniello as listed above.

107.     As a direct and proximate result, CSX was damaged in an amount not less than $1,800,000.00.

**WHEREFORE**, Plaintiff CSX Transportation, Inc., respectfully demands that judgment be entered in its favor and against Defendant, Spiniello Global, Inc., in an amount not less than $1,800,000.00, plus applicable finance charges, late fees, costs, and attorneys' fees which continue to accrue, together with any such other relief as the Court deems just and proper.

Respectfully submitted,

Date: October 10, 2019                    */s/ Michael E. Blumenfeld*
                                          Michael E. Blumenfeld (Fed. Bar No. 25062)
                                          Thurman W. Zollicoffer, Jr. (Fed. Bar No. 23256)
                                          NELSON MULLINS RILEY & SCARBOROUGH
                                          100 S. Charles Street | Suite 1600
                                          Baltimore, Maryland 21201
                                          (443) 392-9412 (Telephone)
                                          (443) 392-9499 (Facsimile)
                                          michael.blumenfeld@nelsonmullins.com

                                          Jeffrey D. Cohen*
                                          Eric C. Palombo*
                                          KEENAN COHEN & MERRICK P.C.
                                          125 Coulter Avenue, Suite 1000
                                          Ardmore, PA 19003
                                          (215) 609-1110 (Telephone)
                                          (215) 609-1117 (Facsimile)
                                          Jcohen@freightlaw.net
                                          Epalombo@freightlaw.net

                                          *Attorneys for CSX Transportation, Inc.*
                                          **denotes national counsel who will seek*
                                          *pro hac vice admission*